```
          IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF OKLAHOMA
```

GARY BRANSTETTER,              )
                               )
              Plaintiff,       )
                               )
v.                             )       Case No. CIV-05-453-KEW
                               )
JO ANNE B. BARNHART,           )
Commissioner of Social         )
Security Administration,       )
                               )
              Defendant.       )

**OPINION AND ORDER**

Plaintiff Gary Branstetter (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is REVERSED and REMANDED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do

his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

2

to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on May 31, 1954 and was 49 years old at the time of the hearing before the ALJ. He completed his high school education and one and one-half years of college. Claimant has worked in the past as a truck driver for a pallet company, real estate broker, and horse feeder. Claimant alleges an inability to work beginning September 15, 2000, due to neck pain and numbness, sleep apnea, narcolepsy, seizures, and depression.

**Procedural History**

On February 28, 2002, Claimant filed for disability benefits under Title II of the Social Security Act and for supplemental security income pursuant to Title XVI (42 U.S.C. § 401, *et seq.*). Claimant's application for benefits was denied initially and upon reconsideration. A hearing before ALJ Gene Kelly was held on August 25, 2003 in Poteau, Oklahoma. By decision dated January 15, 2004, the ALJ found that Claimant was not disabled at any time through the date of the decision. On September 12, 2005, the Appeals Council denied review of the ALJ's findings. Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step four of the sequential evaluation. He determined that while Claimant's medical conditions were severe, they did not meet a Listing and he retained the residual functional capacity ("RFC") to perform jobs in the national economy which require a light exertional level.

**Review**

Claimant asserts the ALJ committed error requiring reversal in failing to (1) adequately develop the record by not ordering testing on Claimant's sleep disorders; (2) find Claimant's allegations of disabling pain credible; (3) properly evaluate Claimant's RFC; and (4) provide complete hypothetical questions to

4

the vocational expert, resulting in a finding Claimant could perform the jobs of mailroom clerk or charge account clerk in the regional and national economy.

## ALJ's Duty to Develop the Record

Claimant asserts the ALJ did not fulfill his duty to adequately develop the record in his case by failing to order testing of Claimant's sleep disorders. Many of Claimant's physical problems arose from an automobile accident in which he was involved - an accident which might have been caused by Claimant's sleep disorders. Generally, the burden to prove disability in a social security case is on the claimant, and to meet this burden, the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). This responsibility to develop the record may require the ALJ to order a consultative examination. Hawkins v. Chater, 113 F.3d 1162, 1166 (10th Cir. 1997). The Commissioner is given broad latitude, however, in making a decision to order such an examination. Diaz v. Sec'y of Health & Human Servs., 898 F.2d 774, 778 (10th Cir.

1990). Moreover, the ALJ's duty is triggered only after the a claimant has satisfied his burden to provide objective evidence "sufficient to suggest a reasonable possibility that a severe impairment exists." Hawkins, 113 F.3d at 1167. In deciding how much evidence is sufficient to raise the issue, "the starting place must be the presence of some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation." Id. The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361.

Claimant's complaints of multiple episodes of narcolepsy, including incidents where Claimant fell asleep while driving and while interviewing with a DHS worker, are well-documented. (Tr. 66, 77-78, 101, 244-45). Claimant's treating physician, Dr. William Dudding, recommended a sleep study and other testing to determine the cause of Claimant's sleep disorders, but they were never accomplished due to their prohibitive cost to Claimant. (Tr. 158-161).

In his decision, the ALJ references Claimant's sleep disorders only in passing, stating the record contained "medical findings" of "problems with narcolepsy, . . . ,sleep apnea, . . . ." (Tr. 17). Based upon this general recitation of Claimant's conditions, the ALJ concluded Claimant suffered from a severe impairment, as defined by the Social Security Act. (Tr. 18). However, no further

discussion of these sleep disorders occurs in the decision. Most importantly, the ALJ never poses questions to the VE employed in this case which include restrictions caused by the sleep disorders from which the ALJ admits Claimant suffers. The existing record provided by Claimant clearly raises these restrictions but the ALJ violates his obligation to develop the record by failing to order further testing to determine the level of restriction upon Claimant's RFC. As a result, on remand, the ALJ will direct that the appropriate testing be performed to ascertain the extent of Claimant's sleep disorders and the effect, if any, such disorders have upon his ability to work.

### Claimant's Credibility

Claimant also challenges the ALJ's finding that his complaints concerning his physical and mental condition are not credible. The ALJ does not reject all of Claimant's complaints but does not conclude the medical records and the restrictions placed on Claimant by his physicians preclude his ability to perform light activity. (Tr. 21). However, again, the ALJ fails to reference Claimant's sleep disorder complaints. Defendant, in her response, implies the ALJ relied upon Claimant's medication to find his sleep disorders were controlled. (Resp. Br. at p. 6). This is incorrect. The ALJ states Claimant's taking of Dilantin improved the numbness in his hands, but makes no reference to the sleep disorders. (Tr. 20). On remand, the ALJ shall consider these

matters in reevaluating Claimant's credibility.

### Evaluation of Claimant's RFC

Claimant contends the ALJ inappropriately determined his RFC permits him to perform light work. Again, the ALJ's failure to consider Claimant's sleep disorders renders his RFC evaluation wanting. Accordingly, the ALJ shall consider these additional limitations in evaluating Claimant's RFC on remand.

### Ability to Perform Jobs in the Regional and National Economy

Claimant, in his final contention of error, asserts the ALJ failed to pose appropriate hypothetical questions to the VE at step five. Claimant is correct that the ALJ did not pose questions to the VE which included his sleep disorders. This deficiency requires a new hearing and new inquiry of the VE on remand.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, this Court finds the ruling of the Commissioner of Social Security Administration should be and is **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

DATED this 19th day of October, 2006.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE